OPINION OF THE COURT
Charles Tomasello, J.
The defendant was convicted of driving while intoxicated in violation of subdivision 3 of section 1192 of the Vehicle and Traffic Law. Thereafter, she was sentenced to a fine of $150 or, in the alternative, 30 days in the county jail, plus a sentence of conditional discharge. The condition imposed was that the defendant participate in the alcohol and drug rehabilitation program. (Vehicle and Traffic Law, art 21.)
It now appears that the defendant has not complied with this condition. As a result, defendant’s license to drive has been revoked by the Department of Motor Vehicles, and she *1111 was served with a declaration of delinquency notifying her to appear in court for "resentencing” — a term not employed in CPL 410.70.
CPL 410.70 (subd 5) provides that after the appropriate procedural steps have been complied with the court may revoke, modify or continue a sentence of conditional discharge. Since the defendant has failed to comply with the condition of her discharge and, since she has already paid a fine, if the court were to act in compliance with CPL 410.70 (subd 5) it would be inclined to simply revoke the sentence of conditional discharge.
However, CPL 410.70 (subd 5) requires that upon revoking a sentence of conditional discharge, the court must impose a sentence as specified in subdivisions 3 and 4 of section 60.01 of the Penal Law.
Subdivision 4 of section 60.01 of the Penal Law provides that "[i]n any case where a person has been sentenced to a period of probation or conditional discharge and a fine, if the part of the sentence that provides for probation or conditional discharge is revoked, the court must sentence such person to imprisonment.”
Thus, it appears at first blush that the court now would be required to sentence the defendant to a term of imprisonment if it does not modify or continue the sentence of conditional discharge.
The court, however, is inclined not to so construe the present situation.
Pursuant to section 521 (subd 1, par [c]) of the Vehicle and Traffic Law "participation in and completion of a course in [the alcohol and drug rehabilitation] program shall be deemed a proper alternative sentence to an alcohol or drug-related traffic offense and shall be considered full and adequate satisfaction of any penalty of fine or imprisonment that may have been imposed by reason of conviction therefor.”
In practical terms this means that when a defendant has paid a fine and thereafter successfully completes the program, the amount paid as a fine is returned to the defendant. That is, by operation of law, the court imposes an alternative sentence when it sentences a defendant to pay a fine and participate in the program as a condition of conditional discharge. If the defendant fails to complete the program the fine stands; if he does complete the program the fine is refunded.
*1112 99 MISCELLANEOUS REPORTS, 2d SERIES (Cf. Penal Law, § 65.10, subd 2, par [h].) This section provides for posting of a bond or other security for the performance of a condition imposed on a sentence of conditional discharge. The operation of section 521 (subd 1, par [c]) of the Vehicle and Traffic Law has the same coercive effect though its application is narrowly limited to situations such as the present one. Of course, as to the form of the statute this may be contrasted with express authority for imposing sentences in the alternative (see CPL 420.10, subd 2) but the effects are parallel — the defendant is required to do one of two things.
Therefore, it is this court’s conclusion that it is neither necessary nor appropriate to revoke, modify or continue the sentence of conditional discharge. The sentence simply will stand as originally imposed.